# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

**DENNIS W. ROWLEY,** *et al.***,**

        **Plaintiffs,**

   **v.**

**RAJENDRA P. TRIPATHIL, M.D.,**

        **Defendant.**

**Civil Action No.  AW-05-839**

## MEMORANDUM OPINION

This medical negligence action was removed from the Circuit Court for Prince George's County, Maryland on the basis of diversity jurisdiction.  Currently pending before the Court is Plaintiffs' Motion to Remand [9].  The motion has been fully briefed and is ripe for consideration.  No hearing is deemed necessary.  See Local Rule 105.6 (D. Md. 2004).   For the reasons that follow, Plaintiffs' Motion to Remand is granted.

### FACTUAL AND PROCEDURAL BACKGROUND

This medical negligence action arises from the untimely death of Ingrid Rowley, leaving her husband and children to survive her death.  Originally this matter was filed in the Health Claims Arbitration Office of Maryland.  On June 29, 2004, this action was waived to the Circuit Court for Prince George's County, Maryland.  On July 26, 2004, copies of the pleadings and summons were served on Defendants Rejandra P. Tripathi, M.D. ("individual Defendant") and Rejandra P. Tripathi, M.D., P.A, ("corporate Defendant") in Bangor, Maine, and the complaint stated an address for the corporate defendant in College Park, Maryland.  On August 10, 2004, an affidavit of service in Maine was filed with the Circuit Court.

On August 19, 2004, Defendants' filed an Answer identifying both Defendants as residents of Bangor, Maine. On September 21, 2004, Defense counsel telephoned Plaintiffs' attorney and left a message advising her that the corporate Defendant never existed. This action was followed by a letter dated September 27, 2004, again confirming that information, and requesting that the corporate Defendant be dismissed from the case. On March 16, 2005, pursuant to a stipulation, the corporate Defendant was dismissed from this case.

On March 28, 2005, Defendant filed a notice of removal with this Court, pursuant to 28 U.S.C. § 1332, on the basis of diversity of citizenship. On April 6, 2005, Plaintiffs' filed a Motion to Remand this action back to state court. This motion is ripe, and an opinion is nor rendered.

## DISCUSSION

Defendant removed this action to this Court on the basis of diversity jurisdiction. Plaintiff contends that such removal was improper because Defendant failed to file the Notice of Removal within the statutory time limit. Specifically, Plaintiff alleges that Defendant's Notice of Removal is untimely and procedurally defective because Defendant had notice before September 27, 2004 that this matter was initially removable and failed to seek removal within thirty days of this notice. This Court agrees.

A.   Removal Principles

The Fourth Circuit has emphasized that "the burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [a district court] must strictly construe removal jurisdiction." Id. (citations omitted). "If federal jurisdiction is doubtful, a remand is necessary." Id. (citations omitted). "Any doubts concerning the propriety of removal must be resolved

in favor of retained state court jurisdiction." Marshall v. Manville Sales, Corp., 6 F.3d 229, 232 (4th Cir. 1993).

Untimely removal constitutes a defect in removal procedures. Cades v. H & R. Block, Inc., 43 F.3d 869, 873 (4th Cir. 1994). A defect in removal procedure renders a case improperly removed. Huffman v. Saul Holdings Ltd Partnership, 194 F.3d 1072, 1076 (10th Cir. 1999).

B.   Analysis

"The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress. [A federal court, therefore] look[s] to federal law to determine whether the elements of removal jurisdiction have been established under the statutes . . . ." Link Telecommunications, Inc. v. Sapperstein, et al., 119 F.Supp.2d 536, 540 (D. Md. 2000). Although 28 U.S.C. § 1441 in general provides a defendant with a right to remove an action from state court to federal court, the procedures for removal are set forth in § 1446.

Under the first paragraph of § 1446, a Notice of Removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). The second paragraph of §1446(b) provides, however, that "*if the case stated by the initial pleading is not removable*, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable . . ." (emphasis added).

Defendant erroneously contends that it is undisputed that "the case stated by the initial pleading" in the Circuit Court was not removable. Quite the contrary, Plaintiffs plainly argue that the initial pleading

in this case sufficiently provided information for Defendant to intelligently ascertain removability. Federal courts have yet to adopt a uniform approach to ascertain when "the case stated by the initial pleading is not removable." The Fourth Circuit has stated that it "will not require courts to inquire into the subjective knowledge of the defendant," but instead, district courts are permitted to "rely on the face of the *initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal*, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper." Lovern v. General Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997) (emphasis added).

In Link, this Court examined the issue of how and when a defendant should know that an action is removable. The Link Court, following the approach of the "vast majority of cases" that have considered this question, stated:

> There appears to be a line of support for placing on the defendant desiring removal the burden of scrutinizing the plaintiff's initial pleading, even if it is indeterminate on its face, and of removing within 30 days, at least unless the initial pleading provides "no clue" that the case is actually removable.

119 F.Supp.2d at 541 (citing Kaneshiro v. North America Company for Life and Health Ins., 496 F.Supp. 452 (D. Haw. 1980); see also Kuhn v. Brunswick Corp., 871 F.Supp. 1444, 1446 (N.D. Ga. 1994) (holding that defendant could have intelligently ascertained removability from the face of the initial pleading); Brooklyn Hosp. Ctr. v. Diversified Inf. Tech., Inc., 133 F.Supp.2d 197, 203 (E.D. N.Y. 2001) (same).

In the instant case, Defendant claims that the basis for removal did not become evident until after the March 14, 2005, when the deposition of the individual Defendant was completed. According to Defendant, at the deposition the individual Defendant confirmed that the corporate Defendant never existed.

This argument is unconvincing.

It is clear to this Court that Defendant was aware of sufficient information to ascertain removability on or before August 19, 2004, yet failed to file a Notice of Removal within thirty days of that notice. A copy of Plaintiffs' complaint was served on Defendant on July 26, 2004, alleging that the citizenship of each Defendant as College Park, Maryland. On August 19, 2004, Defendant's Answer to Plaintiffs' complaint indicated the citizenship of each Defendant as Bangor, Maine. As such, the initial pleading and Defendant's Answer confirms that Defendant had a "clue" that diversity jurisdiction existed as early as August 19, 2004. Thus, similar to Link, the Court finds it misplaced to rely on the deposition testimony of the individual Defendant which "did little more than reconfirm other information which had already been received by [Defendant] with reference to the nature of" the complaint. 119 F.Supp.2d at 544. Accordingly, as Defendant failed to file a Notice of Removal until March 28, 2005, Defendant plainly did not comply with the thirty day requirement under § 1446(b).

## CONCLUSION

For the aforementioned reasons, the Court concludes that Defendant's Notice of Removal was filed more than thirty days after August 17, 2004, the date on which Defendant knew that complete diversity existed, and thus the case was removable. Consequently, Plaintiffs' Motion to Remand this action back to state court is GRANTED. An order consistent with this opinion shall follow.


April  27, 2005                                            /s/
Date                                                               Alexander Williams, Jr.
                                                                     United States District Judge